UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEMOND STEELE,

    Petitioner,                                                Civil Action No. 18-CV-12693

vs.                                                         HON. BERNARD A. FRIEDMAN

SHERRY BURT,

    Respondent.
_____/

**OPINION AND ORDER GRANTING PETITIONER'S
REQUEST TO HOLD CASE IN ABEYANCE**

**and**

**ORDER TO ADMINISTRATIVELY CLOSE CASE**

Petitioner, through counsel, filed an application for a writ of habeas corpus under 28 U.S.C. § 2254 [docket entry 1]. In addition to his habeas petition, petitioner filed a request to hold this proceeding in abeyance to allow him to raise unexhausted claims in state court. The Court shall grant this request.

**I.**

Petitioner was convicted by a Wayne County jury of two counts of assault with intent to do great bodily harm less than murder, Mich. Comp. Laws § 750.84, felon in possession of a firearm, Mich. Comp. Laws § 750.224f, and possession of a firearm during the commission of a felony, second offense, Mich. Comp. Laws § 750.227b. He filed an appeal of right in the Michigan Court of Appeals raising a single claim: defense counsel was ineffective in failing to request an adjournment or seek assistance to locate petitioner's father, who was absent from court on the day he was scheduled to testify. The Michigan Court of Appeals affirmed petitioner's convictions.

*People v. Steele*, No. 328874, 2016 WL 6665823 (Mich. Ct. App. Nov. 10, 2016), *lv. denied* 500 Mich. 1002 (May 31, 2017).

On August 28, 2018, petitioner filed the instant application for a writ of habeas corpus and a request to stay this proceeding.

**II.**

Petitioner requests a stay in this matter to present newly-discovered evidence supporting ineffective assistance of trial and appellate counsel claims.

State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A prisoner who has not yet exhausted his or her state court remedies may file a "'protective' petition in federal court and ask[] the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (citing *Rhines v. Weber*, 544 U.S. 269, 278 (2005)) (alteration added). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines*, 544 U.S. at 278.

The Court finds that a stay is warranted in the present case. First, dismissal of this case while petitioner pursues state remedies could result in a subsequent petition being barred by the one-year statute of limitations found in 28 U.S.C. § 2244(d), because, at the time he filed the petition, only two days of the limitations period remained. Second, petitioner's claim that his unexhausted claims are based upon newly-discovered evidence satisfies the good cause requirement. Third, the state court's disposition of these claims may moot the claims raised in this petition.

2

Fourth, there is no evidence of intentional delay. Under these circumstances, the Court concludes it is not an abuse of discretion to stay this case while petitioner pursues state remedies for his unexhausted claims.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. To ensure that petitioner does not delay in exhausting his state court remedies, the Court imposes upon petitioner the following time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). The stay is conditioned on petitioner presenting the unexhausted claims to the state courts within sixty days of the date of this order by filing a motion for relief from judgment with the state trial court. *See Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002) (discussing procedure for staying habeas proceeding pending exhaustion of state court remedies). The stay is further conditioned on petitioner's return to this Court, by the filing of a motion to reopen and amend the petition, using the same caption and case number as this order, within sixty days of fully exhausting his state court remedies. Should petitioner fail to comply with any of these conditions, the petition may be dismissed.

**III.**

Accordingly,

IT IS ORDERED that petitioner's application for a writ of habeas corpus is stayed and further proceedings in this matter are held in abeyance.

IT IS FURTHER ORDERED that the stay is conditioned on petitioner (1) presenting

3

the unexhausted claims to the state courts within sixty days of the date of this order by filing a motion for relief from judgment with the state trial court and (2) filing a motion to reopen and amend the petition in this Court, using the same caption and case number as this order, within sixty days of fully exhausting his state court remedies. His failure to comply with any one of these conditions may result in dismissal of the petition.

IT IS FURTHER ORDERED that the Clerk of Court close this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal of this matter. Upon receipt of a motion to lift the stay following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

|  |  |
|---|---|
|  | s/Bernard A. Friedman |
| Dated: October 3, 2018 | BERNARD A. FRIEDMAN |
| Detroit, Michigan | SENIOR UNITED STATES DISTRICT JUDGE |

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 3, 2018.

        s/Johnetta M. Curry-Williams
        Case Manager